

**IT IS ORDERED as set forth below:**

**Date: October 22, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| IN RE: | |
| **BRETT R. PAVEL,** | CASE NUMBER<br>**25-10740-PMB** |
| | CHAPTER 7 |
| Debtor. | |
| **CLM TRUST LLC,** | |
| Movant, | |
| v. | CONTESTED MATTER |
| **BRETT R. PAVEL,** | |
| Respondent. | |

## ORDER GRANTING MOTION TO EXTEND TIME

On August 25, 2025, the above-named movant (the "Movant") filed its *Motion to Extend Time to File Complaint Objecting to Discharge Under § 727 and Complaint to Determine Dischargeability Under § 523(c)* (Docket No. 36)(the "Original Motion"). On September 9, 2025, Movant filed a supplement to the Original Motion (Docket No. 42)(the Original Motion, as so

supplemented, the "Motion"). In the Motion, the Movant requested the Court enter an order extending its objection deadline under 11 U.S.C. §§ 727 and 523(c) through and including September 9, 2025. On September 9, 2025, the Movant filed its *Complaint to Determine Nondischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), § 523(a)(6) and Objecting to Discharge Under 11 U.S.C. § 727(a)(2)(A), § 727(a)(4)(A)* in the present case (Docket No. 45; Adv. Pro No. 25-1014, Docket No. 1)(the "Complaint"). In response to the Motion, on September 18, 2025, the above-named debtor (the "Debtor" or "Respondent") filed his *Response to Motion to Extend Time for Filling Complaint to Determine Dischargeability of Debt and to Object to Debtor's Discharge* (Docket No. 46)(the "Response"). In the Response, the Debtor maintains that the Motion should be denied. The Motion and the Response were set for a hearing on September 22, 2025 (the "Hearing").

At the Hearing, counsel appeared for the Debtor and counsel appeared for the Movant. The Debtor and the Movant both reiterated their positions as set forth in their respective pleadings. On September 25, 2025, as permitted by the Court at the Hearing, the Movant filed a *Reply in Support of its Timely Motion to Extend Deadlines Under Rules 4004(b)(1) and 4007(c) and to Deem the September 9 Complaint Timely* (Docket No. 48)(the "Reply"). On October 2, 2025, the Debtor filed a *Sur-Reply to CLM Trust LLC's Reply in Support of its Motion to Extend Time to File Complaint to Determine Dischargeability Under § 727 and Complaint to Determine Dischargeability Under § 523(a)* (Docket No. 49)(the "Sur-Reply"), further setting forth his position. Although not permitted at the Hearing, the Court did consider the Sur-Reply.

## Analysis

Under Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 4007(c), 11 U.S.C. § 523(c) objections to dischargeability must be filed within sixty days of the first date set for the § 341 meeting of creditors. Similarly, under Fed. R. Bankr. P. 4004, a complaint objecting to discharge must also be filed within that same sixty-day period. In both situations, the court may extend the deadline "for cause" upon a party-in-interest's motion and after notice and hearing. Fed. R. Bankr. P. 4004(b), 4007(c). A motion requesting an extension of the deadline is timely if it is filed within the sixty-day period. In this case, the § 341 meeting was commenced on June 28, 2025, such that the Motion was timely.

The Bankruptcy Code does not define "cause," and as such, whether to grant an extension "is within the discretion of the bankruptcy court." *Jarvis v. Weiskopf (In re Weiskopf)*, 2015 Bankr. LEXIS 4401, *4 (Bankr. N.D. Ga. Oct. 27, 2015). In the Eleventh Circuit, bankruptcy courts examining "cause" generally apply five (5) factors. They are first, whether the Debtor refused to cooperate in bad faith; second, whether the creditor had enough notice of the sixty-day deadline and enough information to file an objection or complaint; third, whether proceedings that are pending in a different forum will result in collateral estoppel on the relevant issues in the present case; fourth, whether the moving creditor was diligent; and fifth, the complexity of the case. *Wheaton v. David Cory Kitchens (In re David Cory Kitchens)*, 2021 Bankr. LEXIS 2683, *4-5 (Bankr. M.D. Ga. Mar. 11, 2021)(citing *In re Ballas*, 342 B.R. 853, 856 (Bankr. M.D. Fla. Oct. 11, 2005), *aff'd*, 212 Fed. Appx. 867 (11th Cir. 2006)).[1] A court applying these factors may also

---

[1] In the Eleventh Circuit, unpublished opinions do not have precedential value but may be cited for their persuasiveness. 11th Cir. R. 36-2.

consider any other aspects relevant to the case. *Weiskopf*, 2015 Bankr. LEXIS 4401, *5. The same five-factor "cause" analysis is applied to deadline extensions under both Fed. R. Bankr. P. 4007 and 4004. *David Cory Kitchens*, 2021 Bankr. LEXIS 2683 n.3.

Courts have made it clear that the fourth factor in the analysis—whether the creditor exercised diligence—holds the most weight. *David Cory Kitchens*, 2021 Bankr. LEXIS 2683, *4-5; *In re Ballas*, 342 B.R. at 856, *aff'd*, 212 Fed. Appx. 867; *In re Duncan*, 2009 Bankr. LEXIS 2657, 2009 WL 2849539, at *4 (Bankr. N.D. Ala. Aug. 31, 2009). As such, and in the absence of any notable aspects of this case that may contribute to the other four (4) factors,[2] this Court's analysis focuses on the Movant's diligence.

So how diligent is diligent? The answer may vary, depending on the court and the context of the case, but at the very least, to avoid a "baseless fishing expedition," a creditor must demonstrate "some minimum degree of due diligence prior to seeking [] an extension." *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. Oct. 2, 1995)(quoting *In re Leary*, 185 Bankr. 405, 406 (Bankr. D. Mass. 1995)).[3] In this case, the Movant exhibited the necessary degree of diligence when, among other things, it attended the § 341 meeting of creditors, coordinated discovery issues with other creditors, and filed a motion for a Rule 2004 examination (Docket No. 24).[4] The 2004

---

[2] In this case there is no suggestion that the Debtor did not cooperate with the Movant in bad baith, that the Movant did not have adequate notice of the sixty (60) day deadline. or that there is another relevant proceeding. There is some suggestion, discussed *infra*, that the Movant did not have enough information to file an objection or complaint by the deadline. As for complexity, the Complaint occupies a middle ground, not rising to the level of complex yet not being sufficiently straightforward to be considered simple.

[3] No "baseless fishing expedition" is apparent here, as the Movant filed the Complaint within the initially requested fourteen (14) day window.

[4] The Debtor complained at the Hearing and in its papers that counsel for Movant did not contact its counsel and request the extension before filing the Motion, with the suggestion in both places that this fact somehow should cut against the existence of "cause" for the extension. (Response at 5; Sur-Reply at 6). It is not apparent why this

examination was held only one (1) week before the expiration of the sixty-day period, and so a two-week extension to give the Movant additional time to review the examination and determine its effects on any potential objection or complaint before drafting same is reasonable.[5]

The Debtor cites three (3) cases from this District in seeking the denial of the Motion. All are factually very different from this case, and none support denial of the Motion. First, in *Weiskopf*, 2015 Bankr. LEXIS 4401, *4, the creditor Jarvis sought a ninety (90) day extension from the original July 27 deadline to, among other things, conduct a 2004 examination before preparing its complaint. No explanation was provided why the 2004 examination had not been conducted before the deadline. In fact, the 2004 examination still had not been conducted by the October 21 hearing on the extension request, at which point Jarvis no longer thought that a 2004 exam was warranted but nevertheless sought an additional thirty (30) days to file his complaint, apparently ignoring the fact that the originally requested extension would have expired on October 23. *Id* at *1, *3. Those facts exhibit far less diligence by the creditor than was exerted here.

Similarly in *In re Miles*, 453 B.R. 449, 451, Judge Murphy denied a request for the reconsideration of her initial denial of a request for a sixty (60) day extension (from September 14 to November 13, 2010) where the case had initially been filed as an involuntary Chapter 7 in

---

asserted failure should have anything to do with the analysis. Further, mentioning the failure in some respects highlights the unreasonableness of the Debtor's opposition to the Motion, since it is hard to imagine that the Debtor would not have consented to the same brief extension it now furiously opposes.

[5] The Debtor disputes whether prejudice to the Debtor should be relevant to the analysis. (Sur-Reply at 2, 6, 9-11). Although the Court does not need to rely on a lack of prejudice in its ruling since cause otherwise exists without it, to the extent it is relevant, the extension requested is only two (2) weeks and the Complaint was filed within that time, resulting in only minimal (if any) prejudice to the Debtor when compared to the effect on the Debtor of a complaint filed within the originally required time period.

December of 2009 and had been converted to a voluntary Chapter 11 before being reconverted to Chapter 7, such that the creditors had already had nearly nine (9) months to investigate the basis for a complaint. Again, these facts are hardly similar to the facts of this case.

Finally, and maybe most tellingly, in *In re James*, 187 B.R. 395, 396-97, the creditor did not attend the 341 meeting, performed no other diligence that is described in the decision and did not even contact the debtor until just before the hearing on the motion to extend. Even in those circumstances, which describe substantially less diligence than was exhibited here, Judge Drake granted the motion to extend, requiring as noted above only a "minimum degree of due diligence", so long as there was no "license for a fishing expedition." *Id* at 397.[6]

Accordingly, after review of the Motion, the Response, the Reply, the Sur-Reply, and the docket in this matter, and for reasons detailed herein, it is hereby

**ORDERED** that the Motion is **GRANTED**, and it is further **ORDERED** that:

1. The Movant's objection deadline under 11 U.S.C. § 727 is extended through and including September 9, 2025; and

2. The Movant's complaint deadline under 11 U.S.C. § 523(c) is extended through and including September 9, 2025.

The Clerk is directed to serve copies of this Order upon counsel for the Movant, counsel for the Debtor, the Chapter 7 Trustee, and any other party served with the Motion.

---

[6] In none of the reported cases cited by the parties was the requested extension as short as the fourteen (14) days requested here, nor was the complaint already filed by the time the matter was heard, facts that also augur strongly in favor of granting the Motion. In fact, in many of the decisions, as described here, by the time the matter was finally heard, substantial time had passed since the original deadline expired, and additional time was being sought beyond the original request. No such request is of course necessary here.

**[END OF DOCUMENT]**